UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMITRUS L. GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-529-WTL-TAB |
| | ) |
| THE BANK OF YORK and | ) |
| GREGORY A. STOUT, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' AND PLAINTIFF'S MOTIONS**

This cause is before the Court on the Defendants' Motion to Dismiss (Docket. No. 4) and the following motions filed by the Plaintiff: (1) Motion to Dismiss c/s (Docket No. 6); (2) Motion to Amend supporting documentation c/s (Docket No. 8); and (3) "Motion for Leave to amend its supporting documentation an amend complt to add diversity of citizenship this case being over 10,000" (Docket. No. 10). The Court rules as follows.

## I.  BACKGROUND

On January 28, 2004, Plaintiff Demitrus Grant executed an Adjustable Rate Note in the amount of $127,500 made payable to Paragon Home Lending, LLC ("Note"). After a series of assignments and transfers, the Note came to rest in the hands of the Bank of New York Mellon Trust Company ("the Mellon Trust Company"). Mr. Grant is alleged to have defaulted on his obligations under the Note and Mortgage. As a result, the Mellon Trust Company filed a Complaint on Note and to Foreclose Mortgage against Mr. Grant in the Marion County Superior Court, Case No. 49D140712MF051684. This foreclosure case was dismissed without prejudice for failure to prosecute.

On June 23, 2010, the Mellon Trust Company filed an In Rem Complaint on Note and to Foreclose Mortgage against Mr. Grant in the Marion County Superior Court, Case No. 49D111006MF028352. In response, Mr. Grant filed an Answer, a Motion to Dismiss and a Memorandum in Support of Motion to Dismiss and Sanctions. In his Motion to Dismiss, Mr. Grant argued that this second proceeding was barred by the doctrine of res judicata. The motion was denied, and Mr. Grant filed a Motion to Correct Errors, which was denied. Mr. Grant then appealed the denial of the Motion to Correct Errors. The Indiana Court of Appeals found that the denial of Mr. Grant's Motion to Dismiss was not a final appealable order and therefore dismissed Mr. Grant's appeal due to lack of jurisdiction.  Mr. Grant then filed the instant action in this Court, asserting causes of action pursuant to 42 U.S.C. § 1983 and the Truth in Lending Act, 15 U.S.C. § 1601 et seq. The Defendants have moved to dismiss both counts. In response, Mr. Grant filed the instant motions.

## II.     DISCUSSION

### A.     Defendants' Motion to Dismiss (Docket No. 4)

Mr. Grant asserts claims under 42 U.S.C. § 1983 and the Truth in Lending Act ("TILA"), alleging that the Defendants used "illegal abuse of process" to reinstate the foreclosure case against him, in violation of his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. The basis for Mr. Grant's abuse of process claim is the refiling of the state court foreclosure action after it had been dismissed without prejudice; however, refiling under those circumstances is not actionable under either of these statutes, because "without prejudice" means that the plaintiff can refile his suit if he corrects the error that caused the suit to be dismissed. Accordingly, these claims must be dismissed.

If Mr. Grant believes that facts other than the refiling of the state court action entitle him to relief, he may file an amended complaint that details those facts within 21 days of the date of this Entry. *See Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint."). Barring the filing of a viable amended complaint, this case will be dismissed **WITH PREJUDICE**, and judgment will be entered in favor of the Defendants.

### B.     Plaintiff's Motions (Docket Nos. 6, 8, and 10)

In response to the Defendants' motion to dismiss, Mr. Grant has filed three motions. The Court addresses the substance of those motions below.[1]

First, Mr. Grant seeks the dismissal of "case series filed 2007-7" and related cause no. 49D04-10005-MF-021612. From what the Court has read, these numbers refer to Indiana state court case numbers. This Court, as part of the federal government, has no power to dismiss an action in state court.

Second, Mr. Grant's seeks the dismissal of the Defendants' case in the action pending before this Court (Cause No. 1:12-cv-529-WTL-TAB). However, Mr. Grant is the person who filed the action in this Court. The Defendants have not filed any counterclaims against Mr. Grant; they are simply defending themselves against Mr. Grant's case. Furthermore, they have not yet filed an Answer, so there are no affirmative defenses for the Court to dismiss.

Third, Mr. Grant seeks dismissal of the Defendants' motion to dismiss. In this respect, Mr. Grant's motion is a response to the Defendants' motion and has been addressed in that capacity in Part A above.

---

[1] With each subsequent motion, Mr. Grant renews the requests made in prior motions.

Fourth, Mr. Grant states: "The court allow to abuse system and not answer Interrogatories and production of document." If, by this statement, Mr. Grant is asking the Court to order the Defendants to engage in state court discovery, the Court is again without the power to do so. Alternatively, if Mr. Grant is asking the Court to order the Defendants to engage in discovery related to the action pending here, then his request is moot, as the Court has dismissed Mr. Grant's case in Part A above.

Fifth and finally, in response to the Defendants' motion to dismiss for lack of subject-matter jurisdiction, Mr. Grants seeks leave to amend his complaint to allege jurisdiction on diversity grounds. See Docket No. 10. At this time, by virtue of the analysis in Part A above, the Court has dismissed all claims Mr. Grant has asserted against the Defendants, and Mr. Grant's motion is moot.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' motion is **GRANTED.** The Plaintiff's motions are **DENIED**.

SO ORDERED:   10/09/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. mail to:**

**Demitrus L. Grant**
**5344 N. Kenmore Road**
**Indianapolis, IN 46226**

Copies to all counsel of record via electronic communication.