UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMITRUS L. GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-529-WTL-TAB |
| ) | |
| THE BANK OF YORK and ) | |
| GREGORY A. STOUT, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER

This cause is before the Court on the Plaintiff's Motion for Reconsideration of Court Order or Certificate for an Interlocutory Appeal (Docket. No. 13). The Court rules as follows.

### I.     BACKGROUND

On January 28, 2004, Plaintiff Demitrus Grant executed an Adjustable Rate Note in the amount of $127,500 made payable to Paragon Home Lending, LLC ("Note"). After a series of assignments and transfers, the Note came to rest in the hands of the Bank of New York Mellon Trust Company ("the Mellon Trust Company"). Mr. Grant is alleged to have defaulted on his obligations under the Note and Mortgage. As a result, in December 2007 the Mellon Trust Company filed a Complaint on Note and to Foreclose Mortgage against Mr. Grant in the Marion County Superior Court, Case No. 49D140712MF051684. That case was dismissed.[1]

On June 23, 2010, the Mellon Trust Company filed another In Rem Complaint on Note and to Foreclose Mortgage against Mr. Grant in the Marion County Superior Court, Case No.

---

[1] In its previous Order, the Court relied on the Defendants' representation that this foreclosure case was dismissed without prejudice for failure to prosecute. However, in the course of reviewing this motion, it has come to the Court's attention that it is not clear that this dismissal was indeed without prejudice. Regardless, Mr. Grant's avenue of redress for his complaint is state, not federal, court.

49D111006MF028352. In response, Mr. Grant filed an Answer, a Motion to Dismiss and a Memorandum in Support of Motion to Dismiss and Sanctions. In his Motion to Dismiss, Mr. Grant argued that this second proceeding was barred by the doctrine of res judicata. The motion was denied, and Mr. Grant filed a Motion to Correct Errors, which was denied. Mr. Grant then appealed the denial of the Motion to Correct Errors. The Indiana Court of Appeals found that the denial of Mr. Grant's Motion to Dismiss was not a final appealable order and therefore dismissed Mr. Grant's appeal due to lack of jurisdiction.  Mr. Grant then filed the instant action in this Court, asserting causes of action pursuant to 42 U.S.C. § 1983 and the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

The Defendants moved to dismiss both counts. The asserted basis for Mr. Grant's claim was the refiling of a state court foreclosure action against him after it had been dismissed. Noting that refiling under such circumstances was not actionable under either statute, the Court dismissed Mr. Grant's claims. The Court granted Mr. Grant leave to file an amended complaint if he believed other facts entitled him to relief. The Court explained that, barring the filing of a viable amended complaint, the case would be dismissed with prejudice and judgment entered in favor of the Defendants. Mr. Grant did not file an amended complaint within the allotted time frame. Instead, he filed this motion to reconsider.

## II.     DISCUSSION

Mr. Grant first takes issue with the Court's order denying his motion for leave to amend his supporting documentation to add diversity of citizenship. Diversity of citizenship is indeed one way in which a person gets into federal court. However, the Court has dismissed all of Mr. Grant's claims. As a result, the fact that diversity of citizenship may exist has no effect because there are no claims at issue before the Court.

Mr. Grant also asserts additional factual content that he contends entitles him to relief under the Truth in Lending Act. Specifically, Mr. Grant alleges that the "bank unlawfully assigned loan over and over creating more facts regarding the propriety of chain of title." Mr. Grant contends that the reassignment of his loan violates the Truth in Lending Act because "the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998). While this is an statement, Mr. Grant has not alleged any facts indicating how the reassignment of his mortgage violated these disclosure requirements. Mr. Grant also explains that he "had to re-file[ ] in federal court because it was impossible to get proper court order information," but these facts also fail to allege a violation of the disclosure requirements.

It appears that the heart of Mr. Grant's complaint remains the filing of the second state foreclosure action against him and the trial court's subsequent denial of Mr. Grant's motion to dismiss the second action. Mr. Grant's avenue of redress for this complaint is in state court, not federal court. *Cf. Commonwealth Plaza Condo. Ass'n v. City of Chicago*, 693 F.3d 743 (7th Cir. 2012) (explaining the *Rooker-Feldman* doctrine that "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'")

Finally, Mr. Grant requests that the court certify his case for interlocutory appeal. Under 28 U.S.C. § 1292(b), a court may certify a question for interlocutory appeal if it presents "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an intermediate appeal from the order may materially advance the ultimate termination of the

litigation." Mr. Grant's case does not meet this standard. Accordingly, an interlocutory appeal is inappropriate.

### III.   CONCLUSION

For the foregoing reasons, the Plaintiff's motion is **DENIED**.

SO ORDERED:   11/27/2012

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. mail to:**

**Demitrus L. Grant**
**5344 N. Kenmore Road**
**Indianapolis, IN 46226**

Copies to all counsel of record via electronic communication.